Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| DELOS DEVELOPMENT, LLC., DELPHIC VENTURES, LLC.  Recurrido  Vs.  IBD ENERGY, LLC, Y OTROS  Peticionario | KLCE202500143 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón  Sobre: Daños y Perjuicios, Incumplimiento de Contrato y otros  Caso Núm.: SJ2022CV06113 |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

Rodríguez Casillas, juez ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de mayo de 2025.

Comparece ante nos IBD Energy LLC ("" o "parte peticionaria") para que revoquemos la *Resolución Interlocutoria* emitida y notificada el 26 de noviembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("TPI"). Allí, se denegó la solicitud de IBD para que se dejara sin efecto la anotación de rebeldía en su contra.

Inconforme, el 11 de diciembre de 2024 IBD solicitó la reconsideración de la determinación. No obstante, el 13 de enero de 2025 el TPI denegó la reconsideración.

Evaluado la totalidad del expediente, **denegamos** la expedición del auto de *certiorari* solicitado.

**-I-**

De los autos surge que *Delos Development, LLC* y otros ("parte recurrida") instó una demanda el **11 de julio de 2022**, por incumplimiento de contrato, culpa *in contrahendo* y enriquecimiento

injusto contra la parte peticionaria.[1] Expedidos los emplazamientos,[2] el **16 de agosto de 2022** fue diligenciado el emplazamiento a IBD, a través de su agente residente 1108 Corporate Service LLC, representado por Cristina Moscoso.[3] La parte recurrida acreditó dicho cumplimiento el **17 de agosto de 2022**.[4]

El **16 de septiembre de 2022**, la parte recurrida solicitó que se le anotara la rebeldía a IBD y se dictara Sentencia por las alegaciones.[5] Expirado el término para que IBD sometiera una alegación responsiva, el TPI emitió una *Orden* anotándole la rebeldía a IBD.[6]

El **31 de mayo de 2023**, la parte recurrida sometió el *Informe de Conferencia con Antelación a Vista en Rebeldía*.[7]

Tras varios trámites procesales incluyendo una nueva representación legal de la parte recurrida,[8] el **16 de agosto de 2023** IBD compareció,[9] y entre otras cosas, alegó que la rebeldía debía ser levantada dado que: (1) cuenta con defensas meritorias; (2) el levantamiento no causaría perjuicio alguno; (3) no tuvo conocimiento de la demanda hasta fechas recientes; y, (4) no había avances significativos en el caso. Referente al momento en que advino en conocimiento de la demanda, alegó que el **20 de septiembre 2022** 1108 Corporate Service LLC renunció como agente residente de IBD.[10] Por lo tanto, no recibió la notificación sobre el emplazamiento del presente caso, indicó que no fue hasta

---

[1] Apéndice de la *Petición de Certiorari*, págs. 1 – 10.
[2] Apéndice de la *Petición de Certiorari*, págs. 11 – 17.
[3] Apéndice de la *Petición de Certiorari*, págs. 20 – 21.
[4] Apéndice de la *Petición de Certiorari*, págs. 18 – 21.
[5] Apéndice de la *Petición de Certiorari*, págs. 22 – 26.
[6] Emitida y notificada el 16 de septiembre de 2025.; Apéndice de la *Petición de Certiorari*, pág. 27.
[7] Apéndice de la *Petición de Certiorari*, págs. 35 – 42.
[8] Apéndice de la *Petición de Certiorari*, págs. 56 – 61.
[9] Apéndice de la *Petición de Certiorari*, págs. 69 – 79.
[10] *Íd.*, a la pág. 75.

una reciente búsqueda en SUMAC, que advino en conocimiento de los procedimientos.

En respuesta, el **9 de octubre de 2024** la parte recurrida se opuso a que se dejara sin efecto la anotación de rebeldía.[11] En resumen, adujo que IBD fue emplazada correctamente y que tenía conocimiento de la existencia del pleito, ya que la agente residente le remitió a la parte peticionaria copia del emplazamiento y de la demanda por correo certificado con acuse de recibo. Todavía más, indicó que el 22 de agosto de 2022 IBD firmó el acuse de recibo enviado por su agente residente. Además, adujo que el 24 de febrero de 2022 le enviaron a la parte peticionaria una carta de intención de demanda ("Demand Letter") que se entregó personalmente a la agente residente y algunos de los empleados de IBD; incluso, ese mismo día el agente residente le envió dicha carta al Sr. Mohamed Al Said a través de un correo electrónico. También, indicó que la referida carta se le entregó a la mano en las oficinas del bufete de abogados O'Neill & Borges, quienes representaban a IBD durante los hechos que se narran en la demanda y redactaron y firmaron la moción para que se dejara sin efecto la anotación en rebeldía. Por lo cual, arguyó que no había justa causa para la tardanza y dejadez de dicha parte.

Luego de una réplica por parte de IBD y una dúplica por la parte recurrida,[12] el TPI emitió una *Resolución Interlocutoria* el **26 de noviembre de 2024**,[13] que en lo pertinente, resolvió:

> *"[n]o ha lugar a levantar la anotación de rebeldía. La Regla 45.3 de Procedimiento Civil permite que se deje sin efecto una anotación de rebeldía únicamente por causa justificada. La parte demandada IBD no ha demostrado causa justificada para no haber comparecido a este caso hasta dos (2) años después de ser emplazada. Se ordena la continuación de los procedimientos".[14]*

---

[11] Apéndice de la *Petición de Certiorari*, págs. 92 – 123.
[12] Apéndice de la *Petición de Certiorari*, págs. 124 – 127 y 128 – 141, respectivamente.
[13] Notificada el mismo día.; Apéndice de la *Petición de Certiorari*, págs. 144 – 145.
[14] *Íd.*, a la pág. 145.

Inconforme con la resolución, el **11 de diciembre de 2024** IBD presentó una solicitud de reconsideración.[15] Sin embargo, el **13 de enero de 2025** el TPI la declaró *No ha lugar.*[16]

El **12 de febrero de 2025** IBD recurrió ante este Foro intermedio y señaló la comisión del siguiente error:

> *ERRÓ EL TPI AL NO LEVANTAR LA ANOTACIÓN DE REBELDÍA EN CONTRA DEL IBD ENERGY.*

La parte recurrida compareció el **17 de marzo de 2025**, mediante el escrito intitulado: *"MEMORANDO EN OPOSICIÓN A LA EXPEDICIÓN EN AUTO DE CERTIORARI".*

## -II-

El recurso de *certiorari* es un medio procesal de carácter discrecional, que a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[17] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[18]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. **No obstante, y por excepción a lo dispuesto anteriormente**, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, <u>anotaciones de rebeldía</u>, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.* [...].[19]

---

[15] Apéndice de la *Petición de Certiorari*, págs. 146 – 154.
[16] Notificada el mismo día.; Apéndice de la *Petición de Certiorari*, págs. 160 – 161.
[17] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019).; *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).
[18] *García v. Asociación,* 165 DPR 311, 321 (2005).
[19] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1.

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

> (A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> (B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> (C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> (D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> (E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> (F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> (G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[20]

En ese sentido, el Tribunal Supremo de Puerto Rico ha dispuesto que:

> *[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[21]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[22]

**-III-**

En esencia, IBD nos plantea que el TPI erró al no levantar la anotación de rebeldía en su contra, ya que realizó el escrutinio correspondiente para levantar la anotación de rebeldía.

Por su parte, la parte recurrida argumenta, en síntesis, que IBD no demostró una causa justificada para no haber comparecido

---

[20] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.
[21] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).; *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[22] *SLG Zapata- Rivera v. JF Montalvo*, 189 DPR 414, 434 – 435 (2013).

en el caso hasta dos (2) años después. Añade que la parte peticionaria no tiene justificación válida para su dejadez y tardanza.

La resolución recurrida constituye una decisión dentro del claro ejercicio de discreción conferido a los tribunales de primera instancia. El TPI no encontró que IBD justificara su dilación de dos (2) años para responder a la demanda incoada; máxime, cuando fue debidamente emplazada. Por lo cual, la anotación de rebeldía a la parte peticionaria no rebaza la excepción contemplada en la citada Regla 52.1 de Procedimiento Civil, ni pone de manifiesto que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. Así, en el ejercicio de la sana discreción que nos permite la Regla 40 del Tribunal Apelaciones, *supra,* no intervendremos con la Resolución recurrida.

**-IV-**

Por los fundamentos antes expuestos, **denegamos** expedir el auto de *certiorari* solicitado.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones